UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARIN SODERBERG | : CIVIL NO.: 3:02CV02010 (PCD) |
| Plaintiff, | : |
| V. | : |
| GUNTHER INTERNATIONAL, INC. | : |
| Defendant | : November 10, 2003 |

### PLAINTIFF'S LOCAL RULE 56(a) 2 STATEMENT

In respect to defendant's statement of alleged undisputed material facts proposed pursuant to Local Rule 56 (a) (1), the plaintiff answers as follows:

1. Admitted.

2. Admitted in part; plaintiff's salary was thereafter substantially reinstated.

3. Plaintiff cannot admit or deny as she does not possess information in this regard.

4. Plaintiff cannot admit or deny. Mr. Perkins' age is unknown.

5. Admitted in part. Mr. Smokes also worked at Gunther's premises in Connecticut.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Admitted in part; there are additional written records reflecting plaintiff's excellent performance.

12. Denied. Mr. Smokes was throughly familiar with plaintiff's work. Gunther previously noted in writing on other occasions plaintiff's excellent performance.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied.

2

28. Plaintiff cannot admit or deny and leaves defendant to its proof.

29. Plaintiff cannot admit or deny and leaves defendant to its proof.

30. Denied.

31. Admitted that Mr. Schaefer had been with Gunther for six years at the time he assumed plaintiff's job; plaintiff is without information as to Mr. Schaefer's stage of completion of a master's degree.

32. Denied.

(See Affidavit of Karin Soderberg and Exhibits 1-10 appended hereto.)

The plaintiff submits that the following material facts are in dispute:

1. Whether the plaintiff performed her duties in an incompetent manner.

2. Whether plaintiff was counseled or otherwise spoken to regarding alleged performance deficiencies by Daniel Chevalier or Marc Perkins.

3. Whether defendant's articulated reason for the discharge is false.

4. Whether plaintiff's age was a factor in the discharge.

3

THE PLAINTIFF,
KARIN SODERBERG

BY: _____
Karen Lee Torre
Fed. Bar No. ct01701
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

Her Attorney

### CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered this 10th day of November, 2003 to:

Barry J. Waters, Esq.
Attorney Theresa M. Parietti
Murtha Cullina LLP
Whitney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven CT 06503-0704

_____
Karen Lee Torre

4