UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARIN SODERBERG | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:02CV02010 (PCD) |
| GUNTHER INTERNATIONAL, Ltd. | : |
| Defendant. | : DECEMBER 3, 2003 |

## DEFENDANT'S REPLY

Pursuant to D. Conn. L. Civ. R. 7(e), defendant Gunther International, Ltd. ("Gunther") hereby replies to plaintiff Karin Soderberg's Opposition to Defendant's Motion for Summary Judgment ("Opp."). In her Opp. plaintiff misstates this Circuit's law governing claims brought pursuant to the Age Discrimination in Employment Act ("ADEA") and ignores important authority relied upon by Gunther in its Memorandum of Law in Support of Motion for Summary Judgment dated August 29th ("Gunther's Mem.").

Further, though plaintiff may raise -- *at best* -- several *immaterial* issues of fact regarding how former Gunther managers felt about her performance in the past, she raises no issue of fact with respect to the veracity of Gunther's stated reason for her termination. Nor does she raise any issue of material fact as to whether Gunther terminated her *on the basis of her age*.[1] Therefore, as set forth more fully in Gunther's Mem., Gunther respectfully asks this

---

[1] Plaintiff also fails properly to respond to Gunther's Local Rule 56(a)1 Statement. As Judge Hall explained in Hogan v. State, 220 F. Supp. 2d 111, 115 (D. Conn. 2002), when a plaintiff fails properly to admit or deny facts asserted in a defendant's statement, the facts at issue are deemed admitted. Id. ("Local Rule [56(a)1] does not permit a non-movant to claim that he lacks sufficient knowledge to admit or deny a factual assertion. . . . [T]he court considers admitted any statement with which the plaintiff lacks sufficient knowledge to agree or disagree."); see also Soares v. Univ. of New Haven, 154 F. Supp. 2d 365, 368 (Aug. 16, 2001). Accordingly, for purposes of Gunther's

**ORAL ARGUMENT REQUESTED**

Court to enter judgment in its favor.

   A. <u>The Second Circuit Routinely Affirms Summary Judgment in Discrimination Cases.</u>

"Just a few short years ago [the Second Circuit] went out of [its] way to remind district courts that the impression that summary judgment is unavailable to defendants in discrimination cases is *unsupportable*. . . . The Supreme Court has also recently reiterated that trial courts should *not* treat discrimination differently from other ultimate questions of fact." <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000) (emphasis added; internal quotation marks omitted), *quoting*, <u>Reeves v. Sanderson Plumbing Prods.</u>, 530 U.S. 133, 148 (2000). Ignoring this binding recent authority and the numerous similar cases that Gunther cites recognizing that summary judgment *is* appropriate on ADEA claims (<u>see</u> Mem., pp. 9 - 10) plaintiff argues that "the Second Circuit Court of Appeals has noted that summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated." <u>See</u> Opp. p. 22, *quoting,* <u>Ramseur v. Chase Manhattan Bank</u>, 865 F.2d 460 (2d Cir. 1989). Plaintiff misunderstands the current state of the law in this Circuit. As this Court recognizes, when a plaintiff, as here, fails to raise an issue of fact with regard to the discrimination alleged, summary judgment is permissible and should enter. <u>See, e.g.</u>, <u>Kincade v. O'Neil</u>, 2003 U.S. Dist. LEXIS 17238 (Sept. 29, 2003) (Dorsey, J.) (granting summary judgment in favor of defendant on majority of plaintiff's Title VII claims) (attached

---

motion it is deemed undisputed that plaintiff's position remained open for nearly two months after her termination; Gunther filled her position *after* conducting a broad internal and external search for a replacement; and when Gary Schaeffer was hired to be marketing manager, he was completing his Master's degree in management with a concentration in marketing. <u>See</u> Plaintiff's Local Rule 56(a)2 Statement ("Plaintiff's Statement") ¶¶ 28-29, 31. Plaintiff also asserts that several material facts are in dispute without citing any affidavit testimony or record evidence, as required by D. Conn. L. Civ. R. 56(a)3. <u>See</u> Plaintiff's Statement, p. 3

- 2 -

at Tab A); see also Choate v. Transport Logistics Corp., 234 F. Supp.2d 125, 128 (D. Conn. 2002) (Second Circuit instructs that "the salutary purposes of summary judgment - avoiding protracted, expensive and harassing trials - apply no less to discrimination cases than to . . . other areas of litigation.").

B. Plaintiff Misunderstands Reeves as it Applies to this Case.

As explained in Schnabel v. Abramson, 232 F.3d 83 (2d Cir. 2000), one of the many cases that Gunther cites in its opening brief, which plaintiff does not discuss,[2] following the United States Supreme Court's decision in Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 141 (2000), "a district court still may grant a defendant's motion for summary judgment on a claim under the [ADEA] . . . when a plaintiff has established a prima facie case of discrimination and offered evidence that defendants' legitimate, nondiscriminatory reasons for firing [her] were pretextual." Id. at 88. As Schnabel and many other courts in this Circuit have held, Reeves requires a "case-by-case approach, with a court examining the entire record to determine whether the plaintiff could satisfy [her] *ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff*." Id. (emphasis added; internal quotation marks omitted). While Gunther disputes that plaintiff has provided *any* evidence to controvert Marc Perkins's affidavit testimony, regardless, because she has offered no evidence that reasonably would allow a finder of fact to infer that Gunther terminated her on the basis of her age, this Court should enter summary judgment in Gunther's favor.

---

[2] See, e.g., Grady v. Affiliated Cent., 130 F. 3d 553 (2d 1997); see also cases cited at Mem.; pp. 16-18, 22-23.

Although plaintiff correctly reports that in Reeves, the United States Supreme Court held that plaintiff *may* survive a summary judgment motion with evidence only of a prima facie case and pretext (Opp., p. 17) -- "there are some instances where such a showing will be insufficient to sustain a finding of liability." Hogan v. State, 220 F. Supp. 2d 111, 118 (D. Conn. 2002), aff'd, 2003 U.S. App. LEXIS 7410 (2d Cir. Apr. 17, 2003).[3] Further, as explained by Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376 (2d Cir. 2001), relative to other Circuits, the "[Second] Circuit has not read Reeves quite so favorably" to plaintiffs, and has "ruled in several cases that a record that included evidence of a prima facie case and evidence permitting a finding of pretext did *not suffice* to permit a finding of discrimination." Id. at 382 (emphasis added; citing cases).[4]

Here, plaintiff's purported prima facie case hinges upon the facts that she was in her 60's when Gunther terminated her and that Gunther replaced her with a younger man. Gunther's uncontroverted affidavit testimony shows, however, that its CEO terminated plaintiff because *he* did not think she was performing adequately. As plaintiff fails in her Opposition to point to *any* evidence suggesting that this reason is untrue, her unabashedly

---

[3] As Hogan explains, "[o]ne such instance is where the record conclusively revealed some other, nondiscriminatory reason for the employer's decision . . . a second is where the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." Hogan, 220 F.Supp.2d at 118, *quoting,* Reeves, 530 U.S. at 148 (alteration in original).

[4] Plaintiff appears also to be confused as to her burden under McDonnell Douglas. Plaintiff explains that after defendant articulates a legitimate, nondiscriminatory reason for its termination, plaintiffs generally offer evidence that the reason is pretextual. Opp., pp. 15-16. She continues to state, however, without any supporting authority, that a plaintiff can prevail without offering evidence of pretext. Id. at 16. As plaintiff recognizes later in her brief, this is not so. See Opp., pp. 19-20, citing Weinstock and recognizing that she must come forward with evidence to show that Gunther's stated reason is "pretext for actual discrimination."

- 4 -

honest response during her deposition is conclusive as to her lack of evidence supportive of an age discrimination claim. See Soderberg Depo., p. 67 (admitting that her sole "evidence" that Gunther terminated her on the basis of her age is that she was "the oldest person probably."). Pursuant to Reeves and the wealth of cases decided in this Circuit both before and after Reeves, Gunther is therefore entitled to judgment as a matter of law.[5]

   C.  Mixed-Motive Analysis is Inapplicable and Does Not Save Plaintiff's Action.

Essentially conceding her inability to defend against Gunther's principal arguments and in an obvious desperate attempt to shift the burden here, plaintiff jumps into arguing that Gunther's motion for summary judgment should be denied because Gunther has failed to

---

[5] In her Opposition plaintiff incorrectly accuses Gunther of improperly relying upon Choate, an ADEA case in which the Court (Arterton, J.) applied Reeves. (Opp., pp. 18-19). Instead, it is plaintiff who unavailingly relies upon Cockfield v. United Techs. Corp., 2003 U.S. Dist. LEXIS 18040 (Oct. 7, 2003), to support her misunderstanding of how Reeves applies here. Opp., p. 20. In Cockfield, Judge Arterton denied defendant's motion for summary judgment because plaintiff offered evidence showing that: 1) defendant's stated reasons for discharging plaintiff were false; and 2) similarly situated employees were not equivalently disciplined for the same behavior. Id. at 16-17 (attached at Tab B). In this instance, plaintiff has offered no evidence to challenge the veracity of Gunther's stated reason for terminating her, nor has she offered any evidence that similarly situated younger employees were treated differently than she under similar circumstances.

   As Judge Arterton explained in Choate:

> Even where plaintiff's evidence establishes a de minimis prima facie case and demonstrates some pretext, an employer *may still be entitled to summary judgment* if such evidence by itself or coupled with any additional evidence offered by plaintiff could not reasonably support an inference of age discriminatory intent.

Choate, 234 F. Supp.2d 125, 133 (D.Conn. 2002)(emphasis added). Although Gunther does not dispute that the facts of Choate differ in certain respects from those presented here, Choate is not "unavailing to Gunther" (Opposition, p. 19) because Choate's legal principles nonetheless apply. Accordingly, because plaintiff offers no evidence that "reasonably support[s] an inference of age discriminatory intent," Reeves, as interpreted and applied by Choate and Cockfield, supports Gunther's request for summary judgment in this matter.

- 5 -

...
...
...

meet the "stringent test" set forth in the "mixed motive" line of cases.[6] See Opp., pp. 23-24. As plaintiff fails to offer *any* evidence that Gunther's actions were motivated by any impermissible or discriminatory factor, a mixed-motive analysis is inapplicable in the first instance and does not save plaintiff's case.

"To warrant analysis for mixed-motive on summary judgment, the Second Circuit has required that a plaintiff be able to produce a smoking gun or at least a thick cloud of smoke to support his allegations of discriminatory treatment." Boise v. N.Y. Univ., 2003 U.S. Dist. LEXIS 18639, *15 (Oct. 22, 2003) (internal quotation marks omitted) (attached at Tab C).[7] "Where, as here, the plaintiff fails to produce any such evidence, the plaintiff cannot withstand a motion for summary judgment by arguing that a jury might reasonably find in his favor under the mixed-motives framework." Id., *quoting*, Gant ex rel. Gant v. Wallingford Bd. of Educ., 195 F.3d 134, 146 n.16 (2d Cir. 1999).

Plaintiff admits that she "did not experience or witness any type of age discrimination during her employment with Gunther." See Plaintiff's Statement, ¶ 24. She admits further that she was surprised she was being terminated and "could not think of any reason to

---

[6] Plaintiff ignores Gunther's arguments that her action is extremely weakened by the undisputed facts that Gunther filled her position months after she was terminated and only after conducting a broad search for a replacement (see footnote 1); and/or 2) Gunther has a right to make decisions aimed to improving its viability and the fact that such decisions negatively impact older employees is insufficient to state a claim under the ADEA. See Mem., pp. 16-18).

[7] In Desert Palace Inc. v. Costa, __U.S.__, 123 S. Ct. 2148, 2150 (2003), the United States Supreme Court recently held that a plaintiff need not offer direct evidence of discrimination in order to obtain a mixed-motive jury instruction under Title VII. Even assuming for the present purposes that Desert Palace applies also to ADEA actions, in this matter there is *no* evidence – circumstantial, direct or otherwise – that Gunther terminated plaintiff on the basis of her age. Accordingly, under Desert Palace, and other "mixed-motive" cases, plaintiff would not be entitled to a mixed-motive jury instruction during trial.

explain her termination and *eventually surmised* that she must have been terminated because of her age." Id. at ¶¶ 24, 26 (emphasis added). As in Hogan v. State, 220 F. Supp. 2d 111 (D. Conn. 2002), plaintiff "has presented no evidence that could lead a reasonable factfinder to infer that [Gunther's] decision to terminate [her] was infected with [discriminatory] animus," and she therefore has not "introduced sufficient evidence to shift the burden to [Gunther]" pursuant to a "mixed motives" analysis. Id. at 122. Accordingly, a "mixed motive" analysis does not save plaintiff's action. See, e.g., Boise, 2003 U.S. Dist. LEXIS 18639, *15 (mixed-motives analysis did not assist plaintiff in defeating summary judgment motion where he "ha[d] no direct or circumstantial evidence of age discrimination that would satisfy the mixed-motive or pretext standards.").[8]

D. Plaintiff Offers No Evidence that Gunther Terminated Her on the Basis of Her Age.

"Summary judgment against a plaintiff in an employment discrimination case is appropriate if the plaintiff offers only unsupported assertions, conjecture or surmise, or conclusory statements to support an essential element of [her] case." Tutko v. James River Paper Co., 1999 U.S. App. LEXIS 28455, *4-5 (2d Cir. Oct. 29, 1999) (affirming Judge Covello's grant of summary judgment in favor of defendant where "[n]othing in the record support[ed] the claim that [plaintiff's] dismissal was tainted by age discrimination.") (attached at Tab D). Here, although plaintiff emphasizes that *other* supervisors at *other*

---

[8] The cases that plaintiff cites are not to the contrary; each involved evidence suggesting that the employer's actions were motivated, at least in part, by impermissible factors. See, e.g., Parker v. Columbia Pictures Indus., 204 F. 3d 326, 338 (2d Cir. 2000) (record contained evidence that employer discharged employee without considering possible accommodations of disability); Ostrowski v. Atlantic Mut. Ins. Cos., 968 F. 2d 171, 183 (2d Cir. 1992) (plaintiff produced "ample" evidence that age motivated termination).

times valued her work and she opines that "ample evidence exists to permit a rational jury to discredit Marc Perkins' testimony and infer that age discrimination was a motivating factor in the discharge" (Opp. p. 16) plaintiff in fact presents *no* evidence to support this conclusory statement. Gunther should not be required to defend this matter before a jury.[9]

In an effort to dilute the import of the facts that the purported "younger" employee who replaced her undisputedly was qualified for the position and was not selected until after a thorough search by Gunther, plaintiff attests that Jewell Smokes and William Gunther did not necessarily view Schaefer as a stellar performer. Soderberg Aff., ¶ 25. Even if true, the opinions of persons who did not make the hiring decision are immaterial and certainly do not raise issues of fact with respect to whether *Mr. Perkins*, after interviewing other candidates and searching externally and internally to fill plaintiff's position, decided that Mr. Schaeffer was the best person for the position.

In an attempt to mischaracterize Gunther's defense, plaintiff also accuses Gunther of failing to offer evidence that "several, or even any other, employees were terminated at the same time as Soderberg as part of any downsizing." Opp., p. 24. Plaintiff misses the point. Gunther does not claim that it terminated plaintiff in connection with any downsizing or as part of an effort to save money. Rather, in conjunction with the several other organizational

---

[9] Although plaintiff denies that her "sole basis for believing that Gunther terminated her on the basis of her age is that she was the 'oldest person probably,'" (Plaintiff's Statement, ¶ 27), she stated as much in her deposition and in her Opposition she offers no other evidence to support the claimed discrimination. She also claimed before the CHRO (where both her age and gender claims were dismissed) that Gunther discriminated against her because of her *gender*. The record makes clear that plaintiff has no basis for claiming discrimination on the basis of *any* protected classification. Plaintiff simply cannot accept that Mr. Perkins (age 58), the new Gunther CEO, did not value her services as previous managers had.

changes Mr. Perkins made in an effort to revitalize Gunther, Mr. Perkins terminated plaintiff because he felt that plaintiff was not and could not perform adequately in the critical role of Gunther marketing manager. See Mem., pp. 15-17.

"[T]he ADEA does not make employers liable for doing stupid or even wicked things; it makes them liable for *discriminating*, for firing people on account of their age." Norton v. Sam's Club, 145 F. 3d 114, 120 (2d Cir. 1998) (emphasis in original) (reversing verdict where plaintiff established that termination might have been unduly harsh but offered no evidence that defendant terminated him on basis of age). Further, it is well-settled that "[n]either the Court, nor a jury, sits as a "super-personnel department" to reexamine an entity's decisions on the usefulness to the enterprise of an at-will employee." Tutko, 1999 U.S. App. LEXIS 28455, *4. The question here is not, as plaintiff suggests, whether there is enough evidence to allow jurors "rationally to conclude" that Mr. Perkins's stated reasons for terminating plaintiff "justif[ied]" his decision do so (Opp., p. 22) – the question is whether Mr. Perkins (and through him, Gunther) truthfully believed that plaintiff should be terminated for reasons other than her age.[10] E.g., Norton, 145 F.3d at 119 (where ADEA plaintiff suggested that the principal reason offered by defendant for termination was "preposterous," held even if jury found reason "absurd," this would not assist plaintiff

---

[10] Plaintiff attempts to make much ado of another immaterial fact that Gunther did not submit an affidavit from Dan Chevalier. She then argues (without evidence) that Chevalier did not view plaintiff as a poor performer. Opp., pp. 24-25. She forgets, however, that Mr. Chevalier, a former Gunter employee, answered her CHRO Complaint under oath and that before the CHRO, Gunther responded that she was terminated based upon "her inability to perform all of the duties of her position efficiently," and because "she could not handle" certain new responsibilities that were given to her after Mr. Smokes was promoted. See Response to Request for Information, p. 3. (Attached at Tab E). And regardless, as it is undisputed that Chevalier terminated plaintiff at Perkins's direction (see Plaintiff's Statement, ¶ 19), for the purposes of Gunther's Motion, it is immaterial that Gunther does not offer an affidavit from Mr. Chevalier.

because he still offered no evidence that "he was fired because of his age.").

"[A]t this stage on a motion for summary judgment plaintiff [ ] has a burden of coming forward with evidence from which a reasonable factfinder could conclude that her [ ] age played a role in defendant's decision-making process." Soares, 154 F. Supp. 2d 365, 376 (D.Conn. 2001). As in Soares, summary judgment is appropriate here because plaintiff has "identified nothing in the record from which any reasonable jury could conclude that the reasons stated by [Gunther] are actually a pretext and that the real reason for [her termination] was [her] age." Id.

## CONCLUSION

As plaintiff has offered no evidence that her age in any way motivated Gunther's decision to terminate her employment, an appropriately instructed and reasonable jury could not properly render a verdict in her favor. This Court therefore should enter summary judgment in Gunther's favor.[11]

---

[11] Plaintiff does not contest Gunther's argument that she is barred as a matter of law from recovering compensatory and/or punitive damages under the ADEA. See Gunther's Mem., footnote 5. Accordingly, Gunther does not further address this point above and assumes that the parties agree that plaintiff may not recover such damages in this action.

DEFENDANT
GUNTHER INTERNATIONAL, LTD.

By *(signature)*
Barry J. Waters – ct05520
Theresa M. Parietti - ct-23559

Murtha Cullina LLP
Whitney Grove Square
Two Whitney Avenue, P.O. Box 704
New Haven, Connecticut 06503-0704
Telephone: (203) 772-7700
Fax: (203) 772-7723
e-mail: bwaters@murthalaw.com
tparietti@murthalaw.com

- 11 -